UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP G. MORAWSKI,

                 Plaintiff,

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE,

                 Defendant.

_____/

CIVIL ACTION NO. 09-14568

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE DONALD A. SCHEER

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**:

Plaintiff's Application to Proceed In Forma Pauperis should be denied, and the

Complaint should be dismissed, sua sponte, as Plaintiff's claims are barred by the doctrine

of res judicata.

**II.**    **REPORT**:

    **A.**    **Procedural History**

The Complaint in this action was presented to the court on November 23, 2009,

together with Plaintiff's Application to Proceed In Forma Pauperis.  The matter was referred

to the magistrate judge by Order of Reference on December 14, 2009.

    **B.**    **Factual History**

Plaintiff's Complaint declares that this is a "new action for relief from judgment as

allowed by FRCP 60b which allows relief from judgment by motion or after one year by new

action, IN ANOTHER COURT . . .."  (Complaint, Docket Entry No. 1).  Plaintiff appears to

have conflated the provisions of Fed.R.Civ.P. 60(b) which allows a motion for relief from

a final judgment, and Fed.R.Civ.P. 60(d) which provides that the Rule does not limit a court's power to "entertain an independent action to relieve a party from a judgment, order or proceeding . . .."[1]  He seeks to avoid the effects of a final judgment rendered by this court (Judge Cook) in case No. 06-13776.  To the extent that his Complaint in this action is at all comprehensible, it appears to be an effort to relitigate the matters determined by the prior judgment as well as Judge Cook's denial of his several previous rule 60 motions.  A brief summary of the earlier action is helpful.

Case No. 06-13776 was filed by the United States of America on August 25, 2006.  The government sought a money judgment in the principal sum of $524,527.66, and foreclosure of a mortgage on certain lands owned by Morawski and his wife, as well as other security agreements on chattels and livestock.  Morawski filed an Answer and Affirmative Defenses on April 9, 2007.  He subsequently asserted a counterclaim on June 22, 2007.  The government filed its Answer to the counterclaim on August 8, 2007.

On March 13, 2008, the government filed a Motion for Summary Judgment.  Morawski's Response was filed on April 24, 2008.  The government filed its Reply Brief on May 8, 2008, and Morawski filed a Sur Reply on May 19, 2008.  The motion was heard before Judge Cook on July 7, 2008, and he granted summary judgment to the government on all contested issues on August 12, 2008.  Morawski filed his Notice of Appeal to the Sixth Circuit on September 17, 2008.

Mr. Morawski filed a flurry of post-judgment motions, at least five of which were premised upon Fed.R.Civ.P. 60.  On March 16, 2009, he filed a Motion for Relief From

---

[1]  Prior to the 2007 Amendments to the Federal Rules of Civil Procedure, both forms of relief were available under Rule 60(b).

Judgment Pursuant to Rule 60(b).  (Docket Entry No. 198).  On April 17, 2009, he filed another motion under Rule 60(b)(3) and (4).  (Docket Entry No. 205).  On April 17, 2009, he filed a second motion pursuant to Fed.R.Civ.P. 60(b).  (Docket Entry No. 207).  On June 2, 2009, he filed a second motion pursuant to Fed.R.Civ.P. 60(b)(3) and (4).  (Docket Entry No. 225).  On August 6, 2009, he filed a third motion pursuant to Fed.R.Civ.P. 60(b). (Docket Entry No. 247).  All of the Rule 60 motions were denied by the court.  (See Docket Entries 221, 236 and 282).

Ultimately, Morawski's real property was sold to satisfy the government's judgment. His efforts to obtain a stay from the Sixth Circuit were unsuccessful.  That court denied the stay in an Order of July 6, 2009, finding that "Morawski has not shown any likelihood of success on the merits . . .."  The Sixth Circuit docket sheet reflects no further effort on Morawski's part to pursue his appeal of the judgment.

### C.    Analysis

Plaintiff's Complaint in the instant action is an effort to seek relief from the Judgment in Case No. 06-13776.  As originally formulated, Fed.R.Civ.P. 60(b) allowed a party to seek such relief either by motion or by independent action.  The advisory committee notes to the 1946 Amendment of the Rule noted that decisions had been rendered that the use of bills of review, coram nobis, or audita querela to obtain relief from final judgments were still proper, although not mentioned in the rules. In an effort to make the Rule complete, and to define the practice with respect to any existing rights or remedies to obtain relief from final judgments, the committee declared that:

> The reconstruction of Rule 60(b) has for one of its purposes a clarification of this situation.  Two types of procedure to obtain relief from judgments are specified in the rules as it is proposed

3

> to amend them.  One procedure is by motion in the court and
> in the action in which the judgment was rendered.  The other
> procedure is by a new or independent action to obtain relief
> from a judgment, which action may or may not be begun in the
> court which rendered the judgment.

Advisory Committee notes to 1946 Amendment.  The 2007 Amendments[2] to Fed.R.Civ.P.

60(b) deleted, as unnecessary, the statement that the procedure for obtaining any relief

from a judgment was by motion as prescribed in the civil rules or by an independent action.

The amendments added Section 60(d), which simply declares that the Rule "does not limit

a court's power to: (1) entertain an independent action to relieve a party from a judgment,

order or proceeding . . .."  Thus, the instant action is brought pursuant to Fed.R.Civ.P.

60(d).  Plaintiff has already sought his Rule 60(b) relief (at least five times) in the earlier

case.  That relief was denied in each instance, and this Plaintiff has not obtained relief on

appeal of those determinations.

Numerous courts have held that the disposition of a Rule 60(b) motion has a

preclusive effect upon a subsequent independent Rule 60(b) [now (d)] action based on the

same allegations.  Brown v. Bureau of Reclamation, 2008 WL 4239006 (D. Idaho 2008)

(citing Locklin v. Switzer Bros., Inc., 335 F.2d 331, 334-35 (7th Cir. 1964); Beller and Keller

v. Tyler, 120 F.3d 21, 23 (2nd Cir. 1997); Hughes v. McMenamon, 379 F.Supp. 2nd 75, 79

(D. Mass. 2005).  Those decisions are based upon the res judicata doctrine of claim

preclusion, which holds that a final judgment on the merits bars any and all claims by the

parties or their privies based on the same cause of action, as to every matter actually

---

[2]  Effective December 1, 2007.

4

litigated and as to every theory of recovery that could have been presented.  Browning v. Levy, 283 F.3d 761, 771-72 (6th Cir. 2002).

It should be noted that the doctrine of claim preclusion is not absolute and inviolate. Our circuit has held that it may be qualified or rejected when its application would violate equity and good conscience, or contravene an overriding public policy or result in manifest injustice.  Napier v. Dir., OWCP, 999 F.2d 1032, 1037 (6th Cir. 1993); United States v. Sandoz Pharm. Corp., 894 F.2d 825, 828 (6th Cir. 1990).  Nonetheless, the Supreme Court of the United States has held that a Fed.R.Civ.P. 60(b) [now (d)] independent action for relief from judgment is available only to prevent a grave miscarriage of justice.  United States v. Beggerly, 524 U.S. 38 (1998) ("independent actions must, if Rule 60[ ]3 is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata.").  In the instant case, I am satisfied that Plaintiff has not demonstrated a grave miscarriage of justice.  That conclusion is reinforced by the opinion of the United States Court of Appeals for the Sixth Circuit in denying Morawski's Motion for a Stay of the Foreclosure Sale.  The court observed that Plaintiff had not shown any likelihood of success on the merits of his appeal.  Since that order, he has taken no action on appeal to secure a reversal of Judge Cook's Judgment.  Rather, the Complaint in this case appears to be simply an effort to reassert the same arguments presented to, and rejected by, the court in the earlier action.  The doctrine of res judicata exists for the very purpose of preventing the endless and wasteful repetition of claims.

---

3 Beggerly was, of course, decided prior to the transfer of the "independent action" language of the Rule from subsection (b) to subsection (d).

Finally, I would note that res judicata is an affirmative defense, and is ordinarily raised in the pleadings.  Such pleading is intended to give the opposing party notice of the defense and a chance to argue why its imposition would be inappropriate.  Nonetheless, a district court is empowered to raise res judicata sua sponte in the interests of promoting judicial economy.  Halloway Construction Co. v. U.S. Dept. of Labor, 891 F.2d 1211, (6th Cir. 1990) (citing United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980).  Having reviewed the record of Case No. 06-13776, the Order of the Court of Appeals and the Complaint in this action, I am persuaded that Plaintiff's claims are precluded by the earlier Judgment and denials of his Rule 60 motions, and that no sufficiently gross injustice has been demonstrated to warrant suspension of the doctrine of res judicata in this instance.  Plaintiff's appeal of the earlier Judgment remains pending, and he should secure any relief to which he may be entitled from that court.

A court may refuse to permit a frivolous action to be filed in forma pauperis.  Evans v. Tennessee Dept. of Corrections, 514 F.2d 283 (6th Cir. 1975).  The exercise of discretion to grant or deny an in forma pauperis petition is limited to a determination of poverty and the meritorious character of the cause on which relief is sought.  There is no absolute right to proceed in forma pauperis in federal courts.  When conducting a pre-service review under 28 U.S.C. §1915, a court should invoke an affirmative defense on behalf of a potential defendant where it is plain from the language of the Complaint and other documents in the court's files that the suit is frivolous.  Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002).  "[B]ecause interests of judicial economy are at stake in preclusion doctrines, courts retain the power to consider such doctrines sua sponte."  Consolidated Edison Co. v. Bodman, 445 F.3d 438, 451 (D.C. Cir. 2006).

6

The U.S. Court of Appeals for the Sixth Circuit has held, for example, that a district court may properly dismiss as frivolous an IFP claim where it is clear that it could not withstand an affirmative defense based on the statute of limitations.  Dellis v. Corrections Corp. of America, 257 F.3d 508 (6th Cir. 2001); Rowsey v. Police Dept. of Metro Nashville, 22 Fed.Appx. 539 (6th Cir. 2001).  While I have found no Sixth Circuit case involving a dismissal based upon res judicata principles, other circuits have upheld dismissals on those grounds.  See, Hudson v. Hedge, 27 F.3d 274 (7th Cir. 1994); Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984).  For the reasons stated above, I am satisfied that Plaintiff's efforts to relitigate in this case issues which were, or could have been, adjudicated in the earlier action should not be countenanced. I recommend that the court deny Plaintiff's Application to Proceed In Forma Pauperis, and that the Complaint be dismissed as frivolous.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th

7

Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: January 12, 2010

_____

## CERTIFICATE OF SERVICE

I hereby certify on January 12, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 12, 2010: **Philip Morawski.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217