UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP G. MORAWSKI,

               Plaintiff,                              Case Number 09-14568
                                                          Honorable David M. Lawson
v.                                                             Magistrate Judge Donald A. Scheer

UNITED STATES DEPARTMENT
OF AGRICULTURE,

               Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DISMISSING CERTAIN MOTIONS, AND DISMISSING CASE

This matter is before the Court on the plaintiffs' objections to a report filed by Magistrate Judge Donald A. Scheer recommending that the plaintiff be denied *in forma pauperis* status and the case be dismissed as frivolous under 28 U.S.C. § 1915A. The plaintiff is a dissatisfied litigant in a related matter that was decided by Judge Julian A. Cook of this district, and he is also involved in another matter currently pending before Judge Cook. Those cases involve the foreclosure on farm property and equipment belonging to the plaintiff as a result of a defaulted agricultural loan. The present action is styled as a "new action for relief from judgment," which the plaintiff says is authorized by Federal Rule of Civil Procedure 60. The case was referred to Judge Scheer to conduct all pretrial proceedings under 28 U.S.C. § 636(b)(1)(B). Judge Scheer conducted the pre-service screening required by 28 U.S.C. § 1915(e)(2)(B) in cases where the plaintiff seeks pauper status, and on January 12, 2010, he filed a report recommending that the complaint be dismissed with prejudice under the doctrine of claim preclusion, or *res judicata*. The plaintiff filed objections, in addition to several motions seeking a variety of relief. The Court has reviewed the file, the report and

recommendation, and the plaintiff's objections and has made a *de novo* review of the record. The Court concludes that the plaintiff's objections lack merit, and the complaint fails to state a redressable claim because it seeks relief on the basis of issues that already have been presented and determined in this Court by another judge. Therefore, the Court will adopt the recommendation, dismiss the case, and dismiss the plaintiff's several motions as moot.

I.

On November 23, 2009, the plaintiff filed his complaint entitled "Notice of New Action for Relief from Judgment." The complaint consists mostly of vague and imprecise accusations of fraud and other forms of malfeasance by the government and the court in a prior matter. The plaintiff represents this case as a "new action for relief from judgment as allowed by FRCP 60b which allows relief from judgment by motion or after one year by new action, IN ANOTHER COURT." Compl. at 1. As the magistrate judge explained, the present case relates to two other cases involving the plaintiff, one of which has concluded and the other of which is pending in this district before Judge Cook.

In the first case, *United States of America v. Morawski*, No. 06-13776, the United States sued Philip Morawski to foreclose on land, crops, and equipment pledged as security for three defaulted loans totaling over $370,000 made to him by the Farm Service Agency (FSA) in 1994 to help him establish a dairy farm. Upon Morawski's default, the government accelerated his indebtedness and, on August 12, 2008, Judge Cook granted the government's motion for summary judgment, authorizing foreclosure sale of Morawski's real estate and personal property and the entry of deficiency judgment for the balance. In addition, the Court dismissed Morawski's counterclaims against the Department of Agriculture and the Farm Service Agency who, Morawski alleged,

defrauded him by giving him false and misleading information regarding his ability to amend the plans for his dairy operation and his eligibility for disaster relief. He maintained that FSA employees had engaged in a number of criminal activities, including making false statements and committing fraud in an official proceeding. The judgment in favor of the plaintiff was entered on the same day. On June 25, 2009, Judge Cook authorized a foreclosure sale of Morawski's real estate property in Decker, Michigan and certain personal property. Morawski filed at least nineteen post-judgment motions alleging fraud on the part of the defendant, including several motions under Rule 60(b), all of which were denied by the Court. On February 9, 2010, the United States Court of Appeals for the Sixth Circuit affirmed the district court's grant of summary judgment. Sometime earlier, the Sixth Circuit also had declined to stay the action pending appeal based on the conclusion that Morawski "has not shown any likelihood of success on the merits." Order from the Sixth Circuit [dkt. # 243], at 2.

The second case, *Morawski v. Secretary of Agriculture*, No. 08-14065, is a suit brought by Morawski against several officials within the United States Department of Agriculture for fraud and other kinds of misconduct in their dealings with Morawski. The government filed a motion to dismiss on March 29, 2010, which is still pending, and Morawski filed a motion to disqualify Judge Cook on May 10, 2010. The scheduling order establishes a trial date of July 13, 2010.

The allegations in this case are similar to the claims in the other two cases. Although the complaint does not clearly state asserted causes of action, it contains the following averments directed at the proceedings in Judge Cook's cases:

> I. The court did not consider the plaintiff['s] continuous fraud;
> II. The defendant and moving party land patented farm was taken without due process of law;

III. The court did not consider plaintiff['s] actions were continuously criminal;

IV. The court struck too much of defendant['s] exculpatory evidence;

V. The court actions were an arbitrary abuse of power;

VI. The court's actions violate procedural due process;

VII. The court's actions violate the enforceable oath;

VIII. The court's refusal to recuse itself was unlawful and for the continuous injury of the defendant;

IX. The court's actions were express cause of obstructing justice;

. . .

XI. The court's failure to consider the defendant's affirmative defense was arbitrary and capricious and unlawful;

XII. The plaintiff's use of sovereign immunity to bar affirmative defenses was unlawful as sovereign immunity does not exist in such relief issues;

XIII. Congress rectified these abusive actions 33 years ago;

XIV. The court's failure to review was plan obstruction of justice;

XV. The court violated procedural due process;

XVI. The court blocked fair hearing and fair review, with plaintiff's assistance using sovereign immunity to block review of the plaintiff's unlawful fraudulent actions by unjustly blocking the defendant's affirmative defenses.

XVII. In both cases the DOJ and the court acted to conceal gross wrongdoing by USDA personnel;

XVIII. The court did not substantiate evidence to support the agency action;

XIX. The plaintiffs' actions are arbitrary, capricious and violate due process;

XX. The plaintiffs' actions must be set aside;

XXI. All of the plaintiffs' formal actions must be set aside;

XXII. An in-depth review must be done; no review was done;

XXIII. The agency actions are within the range of congressional authority;

XXIV. The agency plaintiff has not complied with its required procedures;

XXV. The court violated its duty to review;

XXVI. The court did not make certain that the agency considered all factors;

XXVII. The plaintiff agency actions cannot be sustained;

XXVIII. The plaintiff's continuous fraud and reprisal are not a result of reasoned decisionmaking, but a result of criminal conspiracy and fraud;

XXIX. The agency actions is not supported by the facts;

XXX. All of the agency actions must be set aside;

. . .

XXXI. The court completely relied on agency counsel statement as to what is in the record;

XXXII. The district court's selective use of evidence is a reversible error;

XXXIII. The court did not review as an appeals court;

XXXIV. The district court failed to conduct the requisite plenary review;

> XXXV. The district court did a scintilla review, only accepting agency factors as evidence while huge evidence of criminal fraud by plaintiff agents is cast asunder.
> XXXVI. Agency action will be set aside if the administrative process violated the basic concept of fair play, and these actions are . . . fraudulent.

Compl. at 1-2 (alterations in the original).

On December 14, 2009, I referred the case to Magistrate Judge Donald A. Scheer for general case management. On January 12, 2010, Magistrate Judge Scheer filed his report recommending that the plaintiff's application to proceed *in forma pauperis* be denied and the complaint be dismissed *sua sponte* as barred by the doctrine of *res judicata*. Judge Scheer noted that in the case before Judge Cook, the plaintiff has sought and was denied relief under Rule 60(b) at least on five prior occasions raising mostly the same allegations as in the present complaint. Judge Scheer observed that, based on the doctrine of claim preclusion, "the disposition of a Rule 60(b) motion has a preclusive effect upon a subsequent independent Rule 60(b) [now (d)] action based on the same allegations." R&R at 4 (citing *Brown v. Bureau of Reclamation*, 2008 WL 4239006 (D. Idaho 2008); *Beller & Keller v. Tyler*, 120 F.3d 21, 23 (2d Cir. 1997); *Hughes v. McMenamon*, 379 F. Supp. 2d 75, 79 (D. Mass. 2005)). He concluded that no manifest injustice would result from applying the doctrine of claim preclusion in this case. In the interest of judicial economy, Magistrate Judge Scheer recommended raising the doctrine *sua sponte*, despite is traditional character as an affirmative defense. *Halloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1211-12 (6th Cir. 1990); *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002). Finally, because the magistrate judge viewed the plaintiff's action as frivolous, he recommended refusing the plaintiff pauper status under 28 U.S.C. § 1915.

The plaintiff timely objected. Since filing his objections, the plaintiff filed a slew of new motions, including:

(1) motion for *de novo* review under the Administrative Procedures Act [dkt. # 5];
(2) motion for emergency injunctory [sic] relief [dkt. # 9];
(3) motion for the Court to order all transcripts in the matter to be reviewed in relief from judgment [dkt. # 11];
(4) motion to appoint counsel [dkt. # 12];
(5) motion for emergency and permanent injunction against any further destruction of plaintiff buildings and equipment [dkt. # 15];
(6) motion for hearing on fraud [dkt. # 16];
(7) motion to vacate as relief from judgment due to fraud and due to defendant lacking standing in its case against the plaintiff [dkt. # 18];
(8) motion to combine this case with cases No. 08-14065 and No. 09-14568, add Judge Cook as the defendant and have Judge Lawson try the cases pending before Judge Cook [dkt. # 20];
(9) objections to Judge Cook taking part in new trial due to bias, prejudice, and incompetence [dkt. # 22 & 23].

The plaintiff's objections mirror the allegations made in his complaint and confirm that the crux of this case has to do with Judge Cook's adjudication of the government's foreclosure action. The plaintiff concludes that manifest injustice occurred both at the agency level and in the proceedings before Judge Cook, alleging (without providing any details) that the court actions violated his due process rights and the Court was wrong to exclude certain of the plaintiff's affirmative defenses and refuse to credit his allegations of fraud by the FSA. The plaintiff charges that Judge Cook's decisions were biased and incompetent and that the judgment entered in that case should be considered void. He then laments that the magistrate judge engaged in "double talk" when he noted that Morawski conflated provisions of Fed. R. Civ. P. 60(b) and Fed. R. Civ. P. 60(d) at the same time quoting Rule 60(b) in his analysis. He summarily denies that his case is devoid of merit and constitutes relitigation of the past issues. With respect to proceeding *in forma pauperis*, the plaintiffs states, "The US Attorney pressured the renter not to let plaintiff have any more money

and this severely strapped the plaintiff." Objs. at 6. Finally, the plaintiff invokes some new "Obama administration regulations" that purportedly "requir[e] forgiving the plaintiff entire loan, due to continuous hardship." Objs. at 8.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The plaintiff may apply to waive prepayment of filing fees and costs by filing an affidavit of indigency. Regardless of the financial allegations in the pauper petition, the Court must screen the case for merit. Under 28 U.S.C. § 1915(e)(2)(B):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless."

*Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001). As the magistrate judge noted, "a district court may invoke the doctrine of res judicata in the interests of, inter alia, the promotion of judicial economy." *Holloway Const. Co.*, 891 F.2d at 1212 (citing *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)).

"'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Of course, such pleadings still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's papers are to be construed liberally, *Erickson*, 551 U.S. at 94, "[t]he leniency granted to *pro se* [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

In his complaint, the plaintiff plainly seeks relief from a prior judgment on grounds that he has or could have raised before the court in that prior case. He believes that he can proceed in that fashion under Federal Rule of Civil Procedure 60(b). Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is "generally a party's exclusive avenue when seeking relief from a final judgment or order." *Marcelli v. Walker*, 313 F. App'x 839, 842 (6th Cir. 2009) (citing *United States v. Beggerly*, 524 U.S. 38, 46 (1998)). A party seeking relief from judgment on the basis of fraud under Rule 60(b)(3) is subject to a one-year statute of limitations contained in Rule 60(c)(1). *See* Fed. R. Civ. P. 60(c)(1); *see also Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 334 (6th Cir. 2006). The only escape from the one-year bar for fraud-based motions for relief from judgment is found in Rule 60(d), which allows litigants to bring an independent action challenging validity of the judgment at any time. *See LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130,135 n.26 (S.D.N.Y. 2009) (explaining that "[p]rior to December 1, 2007, independent actions were brought under Rule 60(b)'s savings clause instead of Rule 60(d)"). Motion under the catch-all provision in Rule 60(b)(6) is unavailable because fraud is enumerated as an independent ground for relief in Rule 60(b)(3), *see Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). Rule 60(d) reads:

> This rule does not limit a court's power to:
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

"Independent actions [under Rule 60(d)] must . . . be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Beggerly*, 524 U.S. at 46 (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)). Because Rule 60(d) seeks to "strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done," *Charter Twp. of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (internal quotation marks and citation omitted), relief under Rule 60(d) is available only in cases of "unusual and exceptional circumstances." *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973). To demonstrate the existence of such circumstances, a party must at a minimum establish the following elements:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987) (citation omitted).

Fraud on the court, as contemplated by Rule 60(d)(3), is interpreted narrowly. *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1356 (4th Cir. 1982). Relief generally is reserved for circumstances in which, for example, a judge or a juror has been bribed, a bogus document is inserted in the record, or improper influence has been exerted upon the court or an attorney so that the integrity of the court and its ability to function is directly impinged. *Ibid.*; *see also Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 578 (7th Cir. 1997). By contrast, an allegation of "nondisclosure to the court of facts allegedly pertinent to the matter before it . . . will not ordinarily rise to the level of fraud on the

court." *First Nat'l Bank v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1980) (internal quotation marks and citations omitted).

The plaintiff's complaint does not clearly state which subsection of Rule 60 the plaintiff is invoking, but because he is out of time to use Rule 60(b), I will assume he is proceeding under Rule 60(d), since he is attacking the judgment entered against him in Case No. 06-13776 on August 12, 2008. His complaint fails to state a claim under the narrow grounds that rule allows. Under the requirements of that rule, the complaint does not even present "[t]hreadbare recitals of the elements of a cause of action" that would not be sufficient to state a claim upon which relief can be granted under the current Supreme Court jurisprudence. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Moreover, the plaintiff has already sought and been denied relief on the grounds he asserts, so I agree with the magistrate judge's conclusion that the plaintiff's action cannot withstand the doctrine of *res judicata*. *See Locklin v. Switzer Bros., Inc.*, 335 F.2d 331, 332 (7th Cir. 1964) (applying *res judicata* doctrine to foreclose an independent equitable motion in a federal court where the plaintiff was unsuccessful in multiple post-trial motions he filed in a state court that issued the underlying decision). The plaintiff's complaint consists entirely of conclusory allegations of malfeasance by the agency, which have already been presented to, and rejected by, Judge Cook on numerous occasions. The complaint also attacks impartiality of Judge Cook in handling the matter, but again provides no facts to support such allegations. However, the plaintiff already has alleged judicial bias in both of his cases before Judge Cook, but these allegations ultimately were rejected. *See* Order [dkt. # 282], in Case No. 06-13776. In Case No. 08-14065, the plaintiff has filed a motion to disqualify Judge Cook, which will be adjudicated in that matter.

Under these circumstances, there is no manifest injustice in applying the doctrine of *res judicata* to the case at hand. *See Tonti v. Petropoulous*, 656 F.2d 212, 216-17 (6th Cir. 1981) (finding no error in the district court's rejection of the defendant's repetitive allegations of judicial bias that were rejected by the appellate courts and by the Chief Judge of the court on which the allegedly biased judge sat).

The magistrate judge properly determined that the plaintiff's complaint is frivolous and recommended denial of pauper status and dismissal.

III.

Judge Scheer properly concluded that the complaint is frivolous and ought to be dismissed under 28 U.S.C. § 1915(e)(2)(B) because the plaintiff's claims are barred by the doctrine of *res judicata*. The plaintiff's objections to the report and recommendation lack merit. A dismissal of the case will render the pending motions moot.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #8] is **ADOPTED**.

It is further **ORDERED** that the plaintiffs' objections to the recommendation [dkt #14] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for *de novo* review [dkt. # 5], motion for emergency injunctive relief [dkt. # 9], motion for order [dkt. # 11], motion for emergency permanent injunction [dkt. # 15], motion for hearing on fraud [dkt. # 16], motion to vacate [dkt. # 18], and motion to consolidate cases [dkt. # 20] are **DISMISSED as moot.**

It is further **ORDERED** that the complaint is **DISMISSED with prejudice**.

s/David M. Lawson
                                               DAVID M. LAWSON
                                               United States District Judge

Dated: July 2, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 2, 2010.

                                    s/Teresa Scott-Feijoo
                                    TERESA SCOTT-FEIJOO